IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:26-cv-00488-SKC-NRN

ALFREDO RAMÍREZ-FRANCISCO,

    Petitioner,

v.

PAMELA BONDI, *et al.*,

    Respondents.

---

## ORDER

---

    Petitioner Alfredo Ramírez-Francisco is a citizen of Guatemala and an asylum applicant who is currently being detained at the Denver Contract Detention Facility. Dkt. 1, ¶¶18, 27; Dkt. 1-7, pp.31-32. He entered the United States without inspection on February 19, 2019, and has resided here continuously since then. *Id*. at ¶18. Mr. Ramírez-Francisco is gainfully employed, in a committed relationship, has no criminal record, and has a willing immigration sponsor. Dkt. 1-7.

    On November 12, 2025, Mr. Ramírez-Francisco, a resident of Florida, was stopped by the Florida Highway Patrol for an unspecified and uncharged traffic violation. Dkt. 1 at ¶26. When the Florida officers discovered Mr. Ramírez-Francisco was undocumented, they transported him to the West Palm Beach Border Patrol Station, where he was transferred into the custody of the Department of Homeland

1

Security (DHS). Dkt. 1-6. According to DHS, Mr. Ramírez-Francisco is being detained pursuant to 8 U.S.C. § 1225(b)(2)(a). *See* Dkt. 8.

Mr. Ramírez-Francisco filed a Petition for Writ of Habeas Corpus on February 9, 2026, seeking an order from this Court directing Respondents to affect his immediate release. Dkt. 1. He contends he is subject to detention, if at all, pursuant to 8 U.S.C. § 1226(a). *Id.* This Court ordered Respondents[1] to respond to the Petition within five days of service and show cause why it should not be granted pursuant to this Court's previous analysis in *Aleman Hernandez v. Baltazar*, No. 1:25-cv-3688-SKC-SBP, 2025 WL 3718159, at *1 (D. Colo. Dec. 23, 2025). Dkt. 4. Respondents filed their Answer to the Petition on February 17, 2026. Dkt. 8.

The Court has jurisdiction over this matter pursuant to Section 2241 of Title 28, which authorizes it to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "[T]he traditional function of the writ is to secure release from illegal custody." *Id.* Noncitizens may properly challenge the lawfulness of their detention through habeas proceedings. *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001).

---

[1] "Respondents" refers to Pamela Bondi, the United States Attorney General; Kristi Noem, the Secretary of the United States Department of Homeland Security; Todd Lyons, the Acting Director of ICE; Robert Gaudian, the Director of the Denver ICE Field Office; and Juan Baltazar, the Warden of the Denver Contract ICE Detention Center.

The Court has considered the Petition, the Response, the various attachments, and the governing law. Because Mr. Ramírez-Francisco's challenge is fundamentally legal in nature, the Court declines to hold a hearing. *See* 28 U.S.C. § 2243. For the reasons shared in the following discussion, the Court GRANTS the Petition.

## ANALYSIS

This matter presents a similar factual background and procedural posture to another of the Court's recent cases, *Aleman Hernandez v. Baltazar*, No. 1:25-cv-3688-SKC-SBP, 2025 WL 3718159, at *1 (D. Colo. Dec. 23, 2025). In *Aleman Hernandez*, this Court conducted a review of the governing statutes relied on by the parties here and concluded that when 8 U.S.C. §§ 1225 and 1226 are read together, they "cover [noncitizens] presenting at arrival (under § 1225) and then *everybody else* (under § 1226)." *Aleman Hernandez*, 2025 WL 3718159, at *6 (citing *J.G.O. v. Francis*, No. 25-CV-7233 (AS), 2025 WL 3040142, at *4 (S.D.N.Y. Oct. 28, 2025)) (emphasis in original). Because Mr. Aleman Hernandez had been present in the United States for more than a decade, the Court found that Respondents were unlawfully detaining him under § 1225, and that he was only properly detained under § 1226. *Id.*

In much appreciated candor, Respondents acknowledge that the facts and legal issues in this case are materially indistinguishable from those in *Aleman Hernandez*. Dkt. 8, pp.2-3. Although they disagree with the Court's previous conclusions, they recognize that the Supreme Court and Tenth Circuit have not yet offered guidance on these legal questions. *Id*. Respondents also cite the Fifth Circuit's recent order in

3

*Buenrostro-Mendez v. Bondi*, --- F.4th ---, 2026 WL 323330, at *5–10 (5th. Cir. Feb. 6, 2026), wherein that court agreed with Respondents' interpretation of the relevant statutes and they have attached their response brief in *Guiterrez v. Baltazar*, 25-cv-2720-RMR, which explains their positions on these matters. Dkt. 15-1.

The Court has reviewed the Fifth Circuit's opinion but is instead persuaded by District Judge Charlotte N. Sweeney's analysis in *Singh v. Baltazar*, --- F.Supp.3d ---, 2026 WL 352870, at **3-6 (D. Colo. Feb. 9, 2026), wherein she surgically dismantles the Fifth Circuit's reasoning. Like Judge Sweeney, this Court is not persuaded that its own analysis in *Aleman Hernandez* must be upended. Consequently, the Court adopts and incorporates its statutory analysis and conclusions from *Aleman Hernandez*, *supra*, as though stated fully herein.

Mr. Ramírez-Francisco has been in the United States for seven years, and therefore, it cannot be said that he is seeking admission as described under 8 U.S.C. § 1225(b)(2)(A); rather, he is only properly detained under § 1226. *See Aleman Hernandez*, 2025 WL 3718159, at **2-7. To be sure, on Mr. Ramírez-Francisco's Notice to Appear, the immigration official checked the box stating, "You are [a noncitizen] *present in the United States* who has not been admitted or paroled," rather than the box stating Mr. Ramírez-Francisco was "an arriving [noncitizen]." Dkt. 1-5, p.2 (emphasis added). And Mr. Ramírez-Francisco has been given an authorization to work. Dkt. 1, ¶26. A noncitizen cannot be given a work authorization, "unless the [noncitizen] *is lawfully admitted* for permanent residence *or otherwise would (without*

4

*regard to removal proceedings) be* provided such authorization." 8 U.S.C.A. § 1226(a)(3) (emphasis added). Because "the Government has affirmatively decided to treat [Petitioner] as being detained under Section 1226(a)[,] it cannot now be heard to change its position to claim that he is detained under Section 1225(b)." *Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787, at *6 (N.D. Ill. Oct. 24, 2025). *See also Kennedy v. Kijakazi*, No. 22-2258, 2023 WL 1990303, at *3 (7th Cir. Feb. 14, 2023), quoting *DHS v. Regents of the Univ. of Cal.*, 591 U.S. 1, 24 (2020) (the "[*SEC v. Chenery Corp.*, 318 U.S. 80, 95 (1943)] doctrine requires an agency to 'defend its actions based on the reasons it gave when it acted' in the interest of promoting agency accountability, instilling confidence in agency decisions, and maintaining an orderly process of review."). Therefore, Mr. Ramírez-Francisco's continued detention pursuant to § 1225 is unlawful.

## REMEDY

The Court turns now to the question of relief. In this instance, the Court cannot conclude that ordering Respondents to provide Mr. Ramírez-Francisco with a bond hearing under § 1226 is an appropriate remedy. Not only is Petitioner's continued detention pursuant to § 1225 unlawful, but his original detention by DHS was also unlawful. Under § 1226, a noncitizen may only be arrested pursuant to a "warrant issued by the Attorney General." 8 U.S.C. § 1226(a). But in this case, perhaps believing it had authorization to detain Mr. Ramírez-Francisco pursuant to § 1225(b)(2), Respondents simply took him into custody.

5

Respondents had an opportunity in their papers to argue in the alternative that Mr. Ramírez-Francisco was subject to detention under § 1226 or provide some evidence that a warrant for his arrest had been issued. But they did not. Because Respondents have offered no lawful basis for his detention, the Court concludes Mr. Ramírez-Francisco is entitled to immediate release. *Rivero v. Mina*, No. 6:26-cv-66-RBD-NWH, 2026 WL 199319, at *4 (M.D. Fla. Jan. 26, 2026); *see also Bethancourt Soto v. Soto*, ---F.Supp.3d---, 2025 WL 2976572, at *9 (D.N.J. Oct. 22, 2025). "Forcing a detainee to wait for a hearing for days or weeks more in custody—under who knows what conditions—when he is not lawfully detained in the first place would gut the purpose of habeas review." *Rivero v. Mina*, 2026 WL 199319, at *4.

*   *   *

For the reasons shared above, Alfredo Ramírez-Francisco's Petition for Writ of Habeas Corpus is **GRANTED**[2] and the Court **ORDERS** as follows:

1. Mr. Ramírez-Francisco is not subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2), and Respondents are **PERMANENTLY ENJOINED** from re-detaining him under 8 U.S.C. § 1225(b)(2)(A).

2. Respondents shall immediately release Mr. Ramírez-Francisco from detention; however, he shall remain in Respondents' temporary custody for

---

[2] To the extent Petitioner's Counsel seeks an award of attorney's fees, he must file a separate motion for fees that complies with the Federal Rules of Civil Procedure and the Local Rules of Practice for this District.

the sole purpose of Respondents effectuating his return to Lake Worth, Florida.

3. Respondents **SHALL** transport Mr. Ramírez-Francisco back to Lake Worth, Florida, **at their own expense**, within **36 hours** of the date and time of this Order.

4. To effectuate the purpose of this Court's Order and allow Mr. Ramírez-Francisco to return home, Respondents are also temporarily enjoined from detaining Mr. Ramírez-Francisco pursuant to 8 U.S.C. § 1226 for a period of fourteen days.

5. On or before Tuesday, February 24, 2026, Respondents shall confirm in writing Petitioner's release from custody and his return to Florida.

6. This Court retains jurisdiction over this matter to ensure Respondents comply with this Order.

DATED: February 20, 2026, 10:55 AM

BY THE COURT

_____

S. Kato Crews
United States District Judge